**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

December 6, 2023

**VIA ECF**

The Honorable Judge J. Paul Oetken
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Granted in part. The pretrial condition of home detention is removed, but the condition of standalone GPS monitoring shall remain in place.
> So ordered.
> 1/3/2024
>
> *[signature]*
> J. PAUL OETKEN
> United States District Judge

Re:   ***United States v. Mayande Gowon***
       **22 Cr. 361 (JPO)**

Honorable Judge Oetken:

I write with the consent of the Pretrial Services Agency to respectfully request that the Court remove the condition of Home Detention from Mr. Gowon's bond.

On September 25, 2023, Magistrate Judge Ona T. Wang released Mr. Gowon on his own signature and imposed bail conditions, including: a $50,000 personal recognizance bond, cosigned by two financially responsible persons; travel restricted to SDNY/EDNY; surrender of all travel documents and no new applications; pretrial supervision as directed by Pretrial Services; and home detention. At the time that Mr. Gowon's initial conditions were set, he had not yet established stable long-term housing in New York City after living several years abroad with his partner and three youngest children.

Since his release, Mr. Gowon has been fully compliant with his bail conditions and has reported to Pretrial as directed. Significantly, Mr. Gowon has secured and formalized long term housing in New Rochelle with his name on the lease. He continues to work full time for a Washington D.C. based technology consulting firm, where he has worked for over a year. His work requires frequent meetings that Mr. Gowon has had to coordinate with Pretrial Services. And, he has used his return to New York (his birth state), to strengthen his relationships with his mother, siblings, and eldest daughter, all of whom reside in the United States.

Given Mr. Gowon's stability in New York, his stellar performance on Pretrial release, and his attendance in Court in this matter, his placement on home detention is no longer the "least restrictive condition" that will "reasonably assure his appearance"

under the Bail Reform Act. 18 U.S.C. 3142(c)(1)(B). Mr. Gowon has no criminal history and is charged in the instant offense with failure to collect and pay payroll taxes. He is not someone whose background or charges suggest a risk of flight requiring the strict condition of home confinement.

Requiring Mr. Gowon to remain on home confinement runs the risk of destabilizing his family and career. Mr. Gowon's partner and youngest children are eager to visit Mr. Gowon in New York and permanently relocate to the city, but Mr. Gowon and his partner are concerned about their children seeing him with an ankle monitor and unable to leave the home. Moreover, Mr. Gowon's work in New York increasingly requires client facing meetings and meetings with management. The burden of coordinating these meetings with Pretrial and the stigma of attending these meetings with an ankle monitor only jeopardize his stable employment.

As mentioned above, Mr. Gowon's Pretrial Services Officer Leo Barrios consents with this request to remove the condition of home detention. The Government has yet to respond with its position on this request.

      Thank you for your consideration of this matter.

                Respectfully submitted,
                /s/
                Zawadi Baharanyi
                Assistant Federal Defender
                (212) 417-8735

cc:    AUSA Jonathan Leavitt Bodansky/ AUSA Diarra Guthrie